UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH PATRICK,<br><br>Plaintiff,<br><br>vs.<br><br>INFINITE GROUP, INC., ANDREW HOYEN,<br><br>Defendants. | Civil Action No.   6:22-cv-6557<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Elizabeth Patrick by and through her attorneys, The Law Office of Christopher Q. Davis, PLLC, alleges upon knowledge and information and belief as follows:

## NATURE OF ACTION

1. Plaintiff Elizabeth Patrick ("Ms. Patrick" or "Plaintiff") was employed by Defendants Infinite Group, Inc. ("IGI," or "the Company") and Andrew Hoyen ("Hoyen") (collectively, "Defendants") as Director of Cyber Security Services.

2. Plaintiff brings this action against Defendants for violations of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

3. Plaintiff seeks lost back pay and benefits, lost front pay and benefits, compensatory and punitive damages, statutory penalties, attorneys' fees and costs, as well as declaratory and injunctive relief for violations of Plaintiff's statutory rights and injuries Plaintiff has sustained as a result of Defendants' unlawful employment discrimination based on her race/color and unlawful retaliation for complaining about the same.

1

## ADMINISTRATIVE PREREQUISITES

4. Prior to the filing of this Complaint, on April 18, 2022, Ms. Patrick filed a formal charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on her race/color and retaliation in violation of Title VII and the other laws listed above. On September 28, 2022, the EEOC issued a Notice of Right to Sue letter authorizing Ms. Patrick to bring this suit.

5. Any and all other prerequisites to the filing of this suit have been met.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Section 1981 and Title VII, federal laws.

7. This Court has personal jurisdiction over Defendant because Defendant's headquarters and principal place of business are located in the State of New York.

8. Venue is proper in the United States District Court, Western District of New York pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in this District and because the employment records relevant to such practice are maintained and administered in this District.

## PARTIES

9. Plaintiff Elizabeth Patrick is a Latina woman who presently and at all relevant times resided in Bonita Springs, Florida.

10. At all relevant times, Ms. Patrick was employed by Defendant.

11. From April 2021 to November 1, 2021, Defendant employed Ms. Patrick as Director of Cybersecurity Services.

12. Defendant IGI is a corporation licensed to conduct business in the state of New York and is incorporated under the laws of the state of Delaware.

13. Defendant IGI's corporate headquarters is located at 175 Sully's Trail, Suite 202, Pittsford, NY 14534.

14. IGI is a company that provides cybersecurity services to businesses.

15. At all times relevant to this action, IGI employed more than 4 employees and made in excess of $500,000 in revenue annually.

16. At all relevant times, Defendant Andrew Hoyen was the President of IGI and was Plaintiff's direct supervisor.

17. Defendant Hoyen exercises control over the operations of Defendant IGI.

18. Hoyen makes decisions to hire and fire employees of Defendant IGI.

19. Hoyen exercises authority over the amounts and method of pay for employees of Defendant IGI.

20. Hoyen exercises authority over Defendant IGI's employee policies.

21. Hoyen exercises authority with respect to employee disciplinary matters.

22. Upon information and belief, Hoyen was directly involved in multiple decisions that give rise to the claims in this case, and had ultimate authority for those decisions, including whether to pay Plaintiff a bonus and the decision to terminate Plaintiff's employment.

23. At all times relevant to this action, Defendants met the definition of Plaintiff's "employer" under all applicable laws.

## FACTUAL ALLEGATIONS

24. Ms. Patrick was employed by the Company, working remotely from her home in Bonita Springs, Florida.

25. From April 2021 to November 1, 2021, Ms. Patrick was employed by the Company as Director of Cybersecurity Services.

26. During her employment, Defendant Hoyen was Ms. Patrick's supervisor.

27. Ms. Patrick's base salary was $150,000, and she was eligible for quarterly bonuses.

28. On April 5, 2021, Ms. Patrick signed an offer letter agreement that states: "You will receive a quarterly bonus of 2.5% of all new and renewed Cybersecurity Services based on cash receipts for the quarter."

29. Defendants never paid Plaintiff any bonus.

30. When Ms. Patrick joined IGI, she had extensive experience in cybersecurity. She recruited a diverse team of professionals, including two individuals who are originally from Nigeria, to work for IGI.

31. Ms. Patrick was a strong performer for IGI and devoted an enormous amount of time to the Company. Indeed, in May 2021, IGI's President, Andrew Hoyen, indicated that he planned to significantly expand Ms. Patrick's responsibilities.

32. Kevin Hutchinson, another Director of Cybersecurity Services for IGI, was a close confidant of Mr. Hoyen.

33. Mr. Hutchinson repeatedly displayed discriminatory animus towards nonwhite employees. For example, Mr. Hutchinson spoke to nonwhite employees like they were children.

He especially displayed this animus toward the Nigerian employees that Ms. Patrick recruited to her team, who spoke with noticeable accents.

34. In October 2021, Ms. Patrick was invited to a Zoom call with a client. Her understanding was that Mr. Hutchinson was on vacation and would not be on the call. Mr. Hutchinson was, in fact, on the call. He introduced Ms. Patrick to the client, but Ms. Patrick spoke for a very small portion of the call.

35. On October 11, Mr. Hutchinson sent an email to Ms. Patrick, and copied Mr. Hoyen, in which he admonished Ms. Patrick for her participation in the client call. Mr. Hutchinson wrote: "I would greatly appreciate it if you would stay in your lane…I have my side of the house running smoothly and do not want or need an internal detractor."

36. In response to Mr. Hutchinson's inappropriately aggressive email, Ms. Patrick scheduled a call with him. She attempted to explain that she intended to observe the call and did not intend to interfere with the client relationship. Mr. Hutchinson responded by saying, among other things: "you can take your United Nations team and shove it up your ass." This comment was in reference to the team that Ms. Patrick had recruited, which included three African Americans.

37. Ms. Patrick reported Mr. Hutchinson's unprofessional behavior, including his saying "you can take your United Nations team and shove it up your ass," to Mr. Hoyen. Mr. Hoyen said he would consider the matter.

38. Five days later, Mr. Hoyen terminated Ms. Patrick.

39. Mr. Hoyen stated that the termination decision was the result of a position elimination that was driven by the Company's financial position. In fact, during the termination

meeting (which was recorded) Mr. Hoyen said: "By no means is this directly related to you [Ms. Patrick] … it's just a business decision at the end of the day." This was confirmed in an October 18, 2021, letter.

40. Upon information and belief, Mr. Hoyen's decision to terminate Ms. Patrick's employment was motivated by discriminatory and retaliatory animus.

41. Upon information and belief, Mr. Hutchinson caused Mr. Hoyen to terminate Ms. Patrick's employment with IGI and the decision was motivated by discriminatory and retaliatory animus.

42. Upon information and belief, IGI attempted to hide its motivations by claiming that the decision was motivated by the need to eliminate Ms. Patrick's position. This explanation was false and was a pretext for discrimination and retaliation.

43. Upon information and belief, shortly after terminating Ms. Patrick, IGI terminated at least one of the African American members of Ms. Patrick's team.

44. Upon information and belief, Mr. Hutchinson was promoted shortly after Ms. Patrick was fired.

45. IGI paid the bonuses it promised to White employees who did not complain of discrimination. IGI's failure and refusal to pay the bonus that it promised Ms. Patrick was motivated by unlawful discrimination and retaliatory animus.

46. The Company's actions have caused Ms. Patrick serious harm including: (1) a reduction of her earnings; (2) the loss of her employment; and (3) severe emotional distress both during her employment and as a result of the termination of her employment.

## COUNT I
### Disparate Treatment in Violation of Section 1981
### (Civil Rights Act of 1866, 42 U.S.C. § 1981)

47. Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

48. Plaintiff is a Latina woman, and as such she belongs to a protected class under Section 1981.

49. Defendants have discriminated against Plaintiff on the basis of her race in violation of Section 1981 by, inter alia, denying her the equal terms and conditions of employment by subjecting her to disparate treatment based on her race in the form of: tolerating discriminatorily hostile treatment by her colleague, failing to pay her a bonus while paying bonuses to her white counterparts; and terminating her employment.

50. But for Plaintiff's race, she would not have been subjected to disparate treatment.

51. Mr. Hoyen, who exercised managerial/supervisory control over Plaintiff, participated in the discriminatory acts and/or failed to take corrective action when he learned of the discriminatory acts.

52. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of damages.

53. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including but not limited to, depression, anxiety, sadness, emotional pain,

suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses, for which she is entitled to an award of damages.

54. Defendants' unlawful actions constitute malicious, willful, and wanton violations of Section 1981, for which Plaintiff is entitled to an award of punitive damages.

### COUNT II
### Retaliation in Violation of Section 1981
### (Civil Rights Act of 1866, 42 U.S.C. § 1981)

55. Plaintiff hereby repeats and re-alleges each and every one of the above-referenced allegations as if fully set forth herein.

56. Plaintiff is a Latina woman, and as such she belongs to a protected class under Section 1981.

57. Plaintiff engaged in protective activities under Section 1981 when she complained about Mr. Hutchinson's discriminatory statement and hostile attitude toward her and her team.

58. Defendants knew about the protected activity.

59. In response to Plaintiff's protected complaints, Defendants retaliated against Plaintiff by, inter alia, terminating her employment.

60. Defendants had no valid business justification for the retaliatory actions taken against Plaintiff following her engagement in protected activity.

61. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of damages.

62. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, mental anguish and

emotional distress, including but not limited to, depression, anxiety, sadness, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses, for which she is entitled to an award of damages.

63. Defendants' unlawful and retaliatory actions constitute malicious, willful, and wanton violations of Section 1981, for which Plaintiff is entitled to an award of punitive damages.

## COUNT III
### Race Discrimination in Violation of Title VII
(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"))

64. Plaintiff hereby repeats and re-alleges each and every one of the above-referenced allegations as if fully set forth herein.

65. Plaintiff was an "employee" within the meaning of Title VII.

66. Defendants were Plaintiff's "employer" within the meaning of Title VII.

67. Plaintiff is a Latina woman and as such she belongs to a protected class under Title VII.

68. Plaintiff is, and has been at all relevant times, qualified for her position at IGI and met or exceeded the Defendants' expectations.

69. Defendants discriminated against Plaintiff on the basis of her race in violation of Title VII, by denying her the equal terms and conditions of employment, including but not limited to: tolerating discriminatorily hostile treatment by her colleague, failing to pay her a bonus while paying bonuses to her white counterparts; and terminating her employment.

70. A specific basis exists for imputing the objectionable conduct to Defendant Hoyen because he was responsible for the conduct or openly condoned the conduct of others or

failed to discourage the conduct of others and, as a result, either engaged in or endorsed the conduct specified.

71. Defendants conduct as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis of Plaintiff's race in violation of Title VII.

72. Defendants knew of the discriminatory conduct engaged in by Mr. Hutchinson and failed to take immediate and appropriate corrective action to prevent such conduct; as such, the Defendants are liable.

73. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including but not limited to, depression, anxiety, sadness, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses, for which she is entitled to an award of damages.

74. Defendants' unlawful and retaliatory actions constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## COUNT IV
### Retaliation in Violation of Title VII
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*)**

75. Plaintiff hereby repeats and re-alleges each and every one of the above-referenced allegations as if fully set forth herein.

76. Plaintiff is a Latina woman, and as such she belongs to a protected class under Title VII.

77. Plaintiff engaged in protected activities under Title VII when she complained about Mr. Hutchinson's discriminatory statement and hostile attitude toward her and her team.

78. Defendants knew about the protected activity.

79. In response to Plaintiff's protected complaints, Defendants retaliated against Plaintiff by, inter alia, terminating her.

80. Defendants had no valid business justification for the retaliatory actions taken against Plaintiff following her engagement in protected activity.

81. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic harm, for which she is entitled to an award of damages.

82. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including but not limited to, depression, anxiety, sadness, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses, for which she is entitled to an award of damages.

83. Defendants' unlawful and retaliatory actions constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the Federal laws of the United States;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and loss of reputation, any other physical and mental injuries;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

E. An award of punitive damages;

F. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

G. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: December 13, 2022  　　　　　　　　Respectfully submitted,
    　　New York, New York

　　　　　　　　　　　　　　　　　　　　___/s/_____
　　　　　　　　　　　　　　　　　　　　Christopher Q. Davis, Esq.
　　　　　　　　　　　　　　　　　　　　Brendan Sweeney, Esq. (*pro hac vice* motion forthcoming)
　　　　　　　　　　　　　　　　　　　　Nicholas Bittner, Esq. (*pro hac vice* motion forthcoming)
　　　　　　　　　　　　　　　　　　　　The Law Office of Christopher Q. Davis, PLLC
　　　　　　　　　　　　　　　　　　　　80 Broad Street, Suite 703
　　　　　　　　　　　　　　　　　　　　New York, New York 10004

646-430-7930 (main)  
cdavis@workingsolutionsnyc.com  
bsweeney@workingsolutionsnyc.com  
nbittner@workingsolutionsnyc.com  